UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY CAIN,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C12-5879 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 18), and the Government's objections to the R&R (Dkt. 20).

On October 4, 2013, Judge Strombom issued the R&R recommending that the Court reverse the Administrative Law Judge's ("ALJ") finding that Plaintiff Anthony Cain ("Cain") was not disabled and remand for further proceedings. Dkt. 18. On October 18, 2013, the Government filed objections. Dkt. 20. On October 31, 2013, Cain responded. Dkt. 21.

1 | The district judge must determine de novo any part of the magistrate judge's
2 | disposition that has been properly objected to. The district judge may accept, reject, or
3 | modify the recommended disposition; receive further evidence; or return the matter to the
4 | magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In step two of the five-step sequential evaluation process, the ALJ found that Cain did not have a severe cognitive disorder. In doing so, the ALJ discounted the opinion of an examining psychologist, Dr. Andrew Fisher. Judge Strombom found that the ALJ "failed to provide valid reasons for rejecting the cognitive deficits Dr. Fisher's opinion indicate are present." Dkt. 18 at 9. The Government objects to this finding and argues that the ALJ did not reject Dr. Fisher's opinion, the ALJ was merely placing the opinion in context. Dkt. 20 at 4–6. "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individuals ability to work.'" *Smolen*, 80 F.3d at 1290 (citing SSR 85-28). Dr. Fisher diagnosed Cain with a moderate to mild, persistent impairment, which is more than a groundless claim overcoming de minimus screening procedures. The Court agrees with Judge Strombom that, at this step of the proceeding, the "ALJ failed to properly explain why [Dr. Fisher's] finding were rejected." Dkt. 18 at 10. Therefore, the Court adopts the R&R on this issue.

The Government also objects to Judge Strombom's finding that the ALJ's error was not harmless. The Government argues that Dr. Fisher's assessment of Cain's

"abilities [does] not equate with disability." Dkt. 20 at 7.  While the Government may be correct, it is not this Court's duty to reach that conclusion.  A step two error will be considered harmless when the ALJ considers the excluded impairments later on in the sequential evaluation.  *Hubbard v. Astrue*, 2010 WL 1041553 *1 (9th Cir. 2010) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).  In this case, the ALJ did not consider Cain's cognitive impairments in any other step.  Therefore, the Court adopts Judge Strombom's conclusion that the error was not harmless.

The Court having considered the R&R, the Government's objections, Cain's response, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **REVERSED**;

(3) The matter is **REMANDED**; and

(4) The Clerk shall close this case.

Dated this 24th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge